**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

UNITED STATES OF AMERICA,

     Plaintiff,

     v.                                 Case No. 10-CR-80

ANTWAN K. REED

     Defendants.

## RECOMMENDATION TO UNITED STATES DISTRICT JUDGE RUDOLPH T. RANDA  AND ORDER

On April 27, 2010, a federal grand jury sitting in this district returned a three-count indictment against defendant Antwan K. Reed.  The defendant is charged in Count One with knowingly and intentionally possessing a mixture and substance containing heroin with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846(b)(1)(C) and 18 U.S.C. § 2.  Count Two charges the defendant with knowing possession of three specified firearms which had been transported in interstate or foreign commerce in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 2.  The defendant is charged in Count Three with knowingly possessing three specified firearms in furtherance of the drug trafficking offense charged in Count One in violation of 18 U.S.C. §§ 924(c)(1)(A)(I) and 2.

On April 29, 2010, the defendant appeared before United States Magistrate Judge Aaron E. Goodstein for arraignment and entered a plea of not guilty.  Pursuant to a revised pretrial scheduling order, the defendant filed the following motions: 1) motion for disclosure of the identity of the confidential informant (Docket # 16); 2) motion to suppress evidence obtained from the search warrant (Docket # 18); and 3) motion to dismiss the indictment. (Docket 20).  These motions will be addressed herein.

## MOTION FOR DISCLOSURE OF CONFIDENTIAL INFORMANT

The defendant seeks disclosure of the confidential informant who allegedly served as the primary basis for the no-knock search warrant executed at a residence on March 11, 2010. The defendant contends that the informant is a material witness and, but for the informant's statements, no search warrant could have issued. The defendant further maintains that, to the extent he surmises the identity of the informant, there are serious problems with that informant's reliability. The defendant relies on Roviaro v. United States, 353 U.S. 53 (1957), to support his contentions.

In opposing the motion, the government maintains that the disclosure of the informant's identity is not required. The government asserts that it has a limited privilege to withhold the identification of a confidential informant, but that such privilege gives way if the informant is a transactional witness. The government points out that the informant in this case is not a transactional witness. Instead, he supplied information which was used with other information to obtain a search warrant.

It is well-established that the government has a limited privilege to withhold the identity of a confidential informant from disclosure. Roviaro, 353 U.S. at 60. "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement." Id. The Court explained: "The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." Id.

In determining whether the government is required to disclose the identity of an informant, the court must balance the public interest in obtaining information necessary to apprehend those who have committed crimes against the defendant's interest in a fair trial. United States v. Andrus, 775 F.2d 825, 841 (7th Cir. 1975). While a defendant can overcome

the confidential informant privilege by demonstrating a need for the information, he bears his burden in the face of the assumption that the privilege should apply. United States v. Valles, 41 F.3d 355, 358 (7th Cir. 1994).

In Roviaro, the informant was the sole participant, other than the defendant, in the transaction for which the defendant was indicted. The Court noted that the informant "was the only witness in a position to amplify or contradict the testimony of government witnesses." Id. Under the circumstances, the Court found that the informant's testimony "was highly relevant and might have been helpful to the defense. Id. at 64-65. Thus, the Court concluded that a defendant is entitled to learn, prior to trial, the identities of any confidential informants who were transactional witnesses, as well as any informants the government intends to call as witnesses at trial. Id. at 65.

In this case, the confidential informant is not a transactional witness, but a person who supplied information that was used as part of the support for issuance of the search warrant. The informant's observations about a heroin transaction and the presence of a gun in the residence were made within 72 hours of the issuance of the search warrant. Based on the defendant's contentions, virtually every informant providing information about drug dealing used to obtain a search warrant would need to be disclosed whether or not he or she was a "transactional" witness. Roviaro does not support this position. Since the confidential informant is not a transactional witness, the defendant has not established a basis to overcome the government's limited privilege to withhold the informant's identity at this juncture. Nonetheless, the government asserts that, although it does not anticipate calling the informant as a witness at trial, if it decides to do so, it will disclose the informant's identity prior to trial. Based on the foregoing, the defendant's motion for disclosure of the identity of the informant will be denied.

## MOTION TO DISMISS THE INDICTMENT

The defendant asserts that the indictment must be dismissed "on the grounds that it lacks any specific conduct necessary to support such an indictment." (Defendant's Motion to Dismiss Indictment at 1). He states that the indictment merely lists the elements of the charged offenses which "is Constitutionally insufficient as it prohibits [the defendant] and his counsel from mounting a defense." Id. The defendant cites no authority to support this contention.

The government asserts that the indictment lists the elements of the offenses charged, the statutes violated for each offense and sufficiently informs the defendant of the nature of the charge so that he can prepare a defense. Therefore, the government maintains that the indictment is sufficient and should not be dismissed.

Rule 7(c) of the Federal Rules of Criminal Procedure requires that an indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." The indictment must 1) state all of the elements of the offense charged, 2) be sufficiently specific to inform the defendant of the charge so that he is able to prepare a defense, and 3) enable him to plead double jeopardy in any future prosecution for the same offense. United States v. Fassnacht, 332 F.3d 440, 445-46 (7th Cir. 2003); United States v. Glecier, 923 F.2d 496, 499 (7th Cir. 1991). An indictment is generally sufficient when it sets forth the offense in the words of the statute itself, as long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished. Hamling v. United States, 418 U.S. 87, 117-18 (1974); United States v. Agostino, 132 F.3d 1183, 1189 (7th Cir. 1997).

In United States v. Palumbo Bros., Inc., 145 F.3d 850, 860 (7th Cir. 1998), the court of appeals for this circuit summarized the standard for reviewing objections to the sufficiency of an indictment as follows:

> To properly proceed with a prosecution, the government must allege conduct violative of a federal statute. United States v. Sloan, 939 F.2d 499, 501 (7th Cir. 1991). An indictment must include all of the essential elements of the crimes alleged therein, and each basis for conviction must be "clearly set out in the indictment." United States v. Miller, 471 U.S. 130, 136, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985); United States v. Susanne Yoon, 128 F.3d 515, 521-22 (7th Cir. 1997). In reviewing the sufficiency of an indictment, a court should consider each "challenged count as a whole and should refrain from reading it in a hypertechnical manner." United States v. McNeese, 901 F.2d 585, 602 (7th Cir. 1990). The indictment must be "read to include facts which are necessarily implied" and "construed according to common sense." United States v. Blinder, 10 F.3d 1468, 1471 (9th Cir. 1993); Yoon, 128 F.3d at 521-22.

In this case, the three-count indictment returned by a grand jury in this district provides as follows:

## COUNT ONE

**THE GRAND JURY CHARGES THAT:**

On or about March 11, 2010, in the State and Eastern District of Wisconsin,

## ANTWAN K. REED

knowingly and intentionally possessed with the intent to distribute a mixture and substance containing heroin, a Schedule 1 controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

1.     On or about March 11, 2010, in the State and Eastern District of

Wisconsin,

**ANTWAN K. REED**

who previously had been convicted of a crime punishable by imprisonment for

a term exceeding one year, knowingly possessed three firearms which, prior to

his possession of them, had been transported in foreign or interstate commerce,

the possession of which was therefore in and affecting commerce.

2.     The firearms are more fully described as:

a.  a Desert Eagle .45 caliber pistol, bearing serial number

36334051;

b.  a Smith and Wesson, model SW40VE, .40 caliber pistol,

bearing serial number RAX939; and

c.  a Russian Izhmash 7.62 x 51mm assault rifle, bearing serial

number H02732938.

All in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and

2.

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.     On or about March 11, 2010, in the State and Eastern District of

Wisconsin,

**ANTWAN K. REED**

did unlawfully and knowingly possess three firearms in furtherance of the drug

trafficking offense charged in Count One of this indictment.

The firearms are more fully described as:

a.  a Desert Eagle .45 caliber pistol, bearing serial number

36334051;

b.  a Smith and Wesson, model SW40VE, .40 caliber pistol,

bearing serial number RAX939; and

c.  a Russian Izhmash 7.62 x 51mm assault rifle, bearing serial

number H02732938.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), and 2.

The defendant asserts that in addition to statutory language and generic terms, the

indictment "must be accompanied by such a statement of facts and circumstances as will

inform the accused of the specific offense coming under the general description, with which

he is charged."  (Defendant's Motion to Dismiss at 2, [quoting Russell v. United States, 369

U.S.  749, 765 [(1962)] (emphasis and other citation omitted).  He maintains that because the

indictment in this case fails to meet this standard and to apprise the defendant of the charge

against him, it is constitutionally defective.

A review of Russell, reveals that the facts are clearly distinguishable.  In Russell, the

defendants were prosecuted for refusing to answer questions when summoned to appear

before a congressional subcommittee in violation of 2 U.S.C. § 192.[1]  In each case, the

---

[1]Title 2, United States Code, § 192 provides:
Every person who having been summoned as a witness by the authority of either House of Congress to give testimony or to produce papers upon any matter under inquiry before either House, or any joint committee established by a joint or concurrent resolution of the two Houses of Congress, or any committee of either House of Congress, willfully makes default, or who, having appeared, refuses to answer any question pertinent to the question under inquiry, shall be deemed guilty of a misdemeanor, punishable by a fine of not more than $1,000 nor less than $100 and imprisonment in a common jail for not less than one month nor more than twelve months.

indictment returned by the grand jury failed to identify the subject under congressional subcommittee inquiry at the time the witness was questioned. The Court held that the indictments charging the defendants with refusal to answer certain questions were insufficient because they failed to identify the subject under inquiry at the time of the defendants' alleged default or refusal to answer.

The Court explained that the failure of an indictment under 2 U.S.C. § 1922 to identify the subject of the inquiry "violates the basic principle 'that the accused must be apprised by the indictment, with reasonable certainty, of the nature of the accusation against him.'" Russell, 369 U.S. at 767 (quoting United States v. Simmons, 96 U.S. 360, 362 [1887]). The Court

further stated: "It is difficult to imagine a case in which an indictment's insufficiency resulted so clearly in the indictment's failure to fulfill its primary office – to inform the defendant of the nature of the accusations against him." Russell, 369 U.S. at 767. The Court reiterated two of the criteria by which the sufficiency of an indictment is to be measured:

> first, whether the indictment contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and secondly, in case any other proceedings are taken against him for a similar offense whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.

Id. at 763-64 (citations omitted).

In this case, the indictment advises the defendant of the elements of each charged offense, the date and location of the alleged offenses and the statutes allegedly violated. The indictment also sets forth information about the type of controlled substance charged in Count One – heroin – and specific details about the firearms involved in the offenses, including their makes, models and serial numbers. Such information is sufficient to give the defendant notice of the nature of the offenses to enable him to plead the judgment as a bar to any later

prosecution for the same offense.  Moreover, the government is following its open file policy in this case so the defendant has additional means to ascertain more specific information about the charges against him.

Accordingly, the defendant has not established a basis for dismissal of the indictment. Therefore, the court will recommend that the defendant's motion to dismiss the indictment be denied.

## MOTION TO SUPPRESS EVIDENCE OBTAINED FROM SEARCH WARRANT

In seeking suppression of evidence obtained from the search warrant, the defendant asserts that the warrant is not supported by probable cause.  He maintains that because the confidential informant, and not really Milwaukee Police Officer Michael Wawrzyniakowksi, supplied the facts in the affidavit, the probable cause determination depends upon the informant's credibility and reliability.  The defendant asserts that the affidavit lacks sufficient detail about certain matters, including the officer's corroboration of the information supplied by the informant and the particulars of the sale of heroin and the firearm observed at the residence on North 27th Street.  The defendant challenges the credibility and reliability of the informant.  In addition, the defendant contends that the court commissioner abandoned his neutral and detached role and "simply rubber-stamped the no-knock warrant supplied to him by the MPD."  (Defendant's Motion to Suppress Evidence Gleaned from Search Warrant at 6).

In opposing the motion, the government asserts that the affidavit establishes that the defendant resided as the residence searched.  The government further asserts that the affidavit establishes the reliability of the informant because the informant provided information in the past that led to the issuance of a search warrant and the arrest of three persons charged with felony drug offenses in state court.  The informant also provided information on subjects

wanted on warrants or subjects under supervision for criminal offenses which Officer Wawrzniakowski later determined to be accurate. Moreover, the government points out that, consistent with the information provided by the informant, Officer Wawrzniakowski confirmed that the defendant had a conviction for drug distribution in Milwaukee County.

Probable cause is established "when, based on the totality of the circumstances, the affidavit sets forth sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime." United States v. Peck, 317 F.3d 754, 756 (7th Cir. 2003) (citing Illinois v. Gates, 462 U.S. 213, 238 [1983]); see also, Brinegar v. United States, 338 U.S. 160, 175 (1949) ("In dealing with probable cause, . . . as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act."). "Probable cause denotes more than mere suspicion, but does not require certainty." United States v. McNeese, 901 F.2d 585, 592 (7th Cir. 1990) (quoting United States v. Ellery, 678 F.2d 674, 677 [7th Cir. 1982]). The search warrant affidavit "need not provide direct evidence that fruits of the crime or other evidence will be found in the location specified," rather the "'magistrate judge is entitled to draw reasonable inferences about where evidence is likely to be kept,' and he 'need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit.'" United States v. Curry, 538 F.3d 718, 729 (7th Cir. 2008) (quoting United States v. Sleet, 54 F.3d 303, 306 [7th Cir. 1995]). Thus, a judge making a probable cause determination "need not determine that the evidence sought is *in fact* on the premises to be searched . . . or that the evidence is more likely than not to be found where the search takes place . . .. He need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit." United States v. Malin, 908 F.2d

163, 166 (7th Cir. 1990) (emphasis in original) (citation omitted); see also, United States v. Sleet, 54 F.3d 303, 306 (7th Cir. 1995).

In reviewing a United States magistrate judge's prior finding of probable cause, the reviewing court "must afford 'great deference' to the issuing judge's conclusion." United States v. McIntire, 516 F.3d 576, 578 (7th Cir. 2008); see also, United States v. Leon, 468 U.S. 897, 914 (1984) ("Reasonable minds frequently may differ on the question whether a particular affidavit establishes probable cause, and we have thus concluded that the preference for warrants is most appropriately effectuated by according 'great deference' to a magistrate's determination.") (citing Spinelli v. United States, 393 U.S. 410, 419 [1969]). The duty of the reviewing court is simply to ensure that the judge issuing the warrant had a "substantial basis" for concluding that, under the totality of the circumstances, "there [was] a fair probability that contraband or evidence of a crime [would] be found in [the] particular place" to be searched. Illinois v. Gates, 462 U.S. 213, 238-39 (1983).

When an affidavit for a search warrant includes information from a confidential informant to support a finding of probable cause, the legitimacy of a probable cause determination turns on the confidential informant's "reliability, veracity and basis of knowledge." United States v. Olson, 408 F.3d 366, 370 (7th Cir. 2005) (quoting United States v. Johnson, 289 F.3d 1034, 1038 [7th Cir. 2002]). To assess the credibility of an informant, under the totality of the circumstances, the court should consider: 1) the extent to which the police corroborated the informant's statements; 2) the degree to which the informant acquired knowledge of the events though first-hand observation; 3) the amount of detail provided; and 4) the interval between the date of the events and the police officer's application for the warrant. United States v. Bell, 585 F.3d 1045, 1049 (7th Cir. 2009); Olson, 408 F.3d at 370; United States v. Koerth, 312 F.3d 862, 866 (7th Cir. 2002).

In addition, the court should also consider whether the informant personally appeared before the issuing judge, thus allowing the judge to assess the informant's knowledge, demeanor and credibility.  United States v. Sims, 551 F.3d 640;, 644 (7th Cir. 2008); Bell 585 F.3d at 1049, Koerth 312 F.3d at 866.  No single factor is determinative.  Rather, "a deficiency in one factor may be compensated for by a strong showing in another or by some other indication of reliability."  Peck, 317 F.3d at 756 (quoting United States v. Brack, 188 F.3d 748, 756 [7th Cir. 1999]).

If a search warrant is unsupported by probable cause, evidence obtained pursuant to that warrant "is nonetheless admissible if the officer who conducted the search acted in good faith reliance on [the] search warrant."  United States v. Pappas, 592 F.3d 799, 802 (7th Cir. 2010); See United States v. Leon, 468 U.S. 897, 926 (1984).  A law enforcement officer's decision to seek a warrant is prima facie evidence that he or she was acting in good faith. United States v. Wiley, 475 F.3d 908, 917 (7th Cir. 20070 (citing United States v, Koerth, 312 F.3d 862, 866 [7th Cir. 2002]).

Both seeking a search warrant and consulting with a prosecutor before doing so are prima facie evidence that an officer was acting in good faith.  Pappas 592 F.3d at 802  (citing United States v. Elst, 579 F.3d 740, 744 [7th Cir. 2009]; United States v. Bynum, 293 F.3d 192, 198 [4th Cir. 2002]).  A defendant may rebut this prima facie evidence of good faith

> by presenting evidence to establish that: (1) the issuing judge wholly abandoned his judicial role and failed to perform his neutral and detached function, serving merely as a rubber stamp for the police; (2) the affidavit supporting the warrant was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (3) the issuing judge was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth.

Pappas, 592 F.3d at 802 (quoting United States v. Elst, 579 F.3d 740, 744 [7th Cir. 2009]).

The search warrant affidavit in this case states the affiant, Officer Wawrzniakowski,

"knows through information provided a reliable confidential informant, and personal involvement in this investigation and through reports and documents maintained in the regular course of City of Milwaukee Police Department business," that the residence on North 27th Street was being used by the defendant to store and distribute heroin while armed with a large caliber handgun.  (Affidavit in Support of Search Warrant [Affidavit], ¶ 5).

The affidavit further states:

Affiant was informed that within the past seventy-two (72) hours by a reliable confidential informant (hereinafter referred to as informant), who wishes to remain anonymous, due to its intimate knowledge about REED that the informant had observed REED in possession of a firearm inside the residence of 3353 North 27th Street, delivering a controlled substance; specifically heroin. Within the past seventy two (72) hours the informant observed an amount of heroin, and transactions conducted by REED (while armed with a large caliber handgun) in which an individual exchanged a sum of U.S. Currency for a quantity of heroin, which was provided by REED.  The informant knows from past experience what heroin looks like and how it is packaged for sale.  The informant described the quantity of the heroin as a powdery substance contained in foil packs/bindles.  The informant also demonstrated to affiant, that the informant is familiar with heroin, knows what it looks like, and knows how it is prepared, packaged for personal use, and packaged for resale.   The confidential informant states that REED stores and arms himself with the firearm inside his residence and uses it to protect them from other armed drug dealers that reside in the area.

(Affidavit, ¶ 6).

The affiant provided the following information about the credibility and reliability of the confidential informant.

The affiant believes that the informant is a credible person because the informant is giving law enforcement officer [sic] information directly corroborated by the knowledge and past experience of law enforcement officers.  The informant further provides the description of the suspect REED and positively identified him through Milwaukee Police Department booking photo's [sic].  The confidential informant provided detailed information of the criminal activity at REED's residence and the type of criminal offenses committed by REED.  The informant has provided detailed information in the past on one (1) occasion that has led to the execution of search warrant [sic].  The search warrant led to the arrest of three (3) individuals for possession of marijuana and cocaine base with intent to deliver.  These arrests have led to the charging of these subjects in

- 13 -

state court for felony controlled substance violations. The informant also has given location, descriptions and name [sic] person involved in illegal narcotics trafficking and illegal weapons possession. The informant also has shown the affiant the location of drug houses that the affiant and other law enforcement officers have recovered and made arrests for narcotics possession offenses and firearms recoveries in the past [sic]. That the informant gave this affiant information about people that were wanted on warrants and that are under probation and parole supervision. A wanted check of these individuals revealed that they were indeed wanted on warrants and under probation and parole supervision, and that the informant's information was accurate.

(Affidavit, ¶ 7).

The affiant further asserts that he confirmed that the defendant had a felony conviction in Milwaukee County for possession with intent to distribute heroin. He also confirmed through the Department of Corrections website that the defendant currently was on probation/parole for the Milwaukee County case. (Affidavit, ¶ 8).

In this case, the information provided by the informant was corroborated by Officer Wawrzyniakowski. He was aware that the defendant was using the North 27th Street address to store and distribute heroin while armed, based on his personal involvement in the investigation, his review of police department reports and documents, in addition to information provided by the informant. Thus, he had prior knowledge of the defendant's drug dealing at the residence to be searched. The officer confirmed the information provided to him that the defendant had a felony drug conviction and was on probation and parole supervision. Thus, the informant was not the sole source of information about the defendant's criminal activities.

The informant also had a track record with the Milwaukee Police Department. The informant previously provided detailed information to law enforcement officers that lead to the execution of a search and the subsequent arrest of three individuals for felony drug offenses. The informant gave the affiant the locations, description and names of persons involved in illegal drug trafficking and the possession of illegal weapons and law enforcement officers

have recovered drugs and made arrests for these narcotics and firearms violations. In addition, the affiant states that the informant gave information about people wanted on warrants and who were on probation and parole supervision. When the affiant did a check on these individuals, he confirmed that the information provided by the informant was accurate.

With respect to the instant case, the informant provided his first-hand observations about the defendant's selling of heroin at the residence and his possession of a weapon within 72 hours of the issuance of the warrant. Although the defendant asserts that the informant did not provide specific information about the nature of the sale or the person, other than the defendant, who was involved in the sale, the informant identified the type of drug involved, heroin, the weapon as "a large caliber handgun," provided a description of the defendant and positively identified him as the person who was selling heroin. (Affidavit ¶ 6). Moreover, the time period between the informant's observation of the defendant's drug dealing and the issuance of the warrant was less than 72 hours.

Although the informant did not testify at the probable cause hearing, this fact is not determinative. A lack of one factor "may be compensated for by a strong showing in another or by some other indication of reliability." Peck, 317 F.3d at 756.

Considering all of the information in the affidavit and the totality of the circumstances, the court finds that the affidavit "sets forth sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime." Id. Therefore, the affidavit in support of the search warrant provides probable cause for the search of the residence on North 27th Street in Milwaukee, WI.

Furthermore, even if the court were to conclude that the search warrant affidavit failed to establish probable cause, the defendant would still have to rebut the government's prima facie evidence that Officer Wawrzyniakowski acted in good faith reliance on the warrant in

conducting the search. Although the defendant maintains that the judicial officer simply rubber-stamped the warrant, he has presented no evidence whatsoever that the judicial officer failed to perform his neutral and detached function in issuing the warrant.

Moreover, unlike Owens v. United States, 387 F.3d 607 (7th Cir. 2004), cited by the defendant, the affidavit in this case specified that the informant had "intimate knowledge" about the defendant and had seen the heroin and firearm at the defendant's residence within 72 hours of the issuance of the search warrant. Id. at 608. The reliability of the informant was established by his prior work with law enforcement officers. To the contrary, in Owens, the "barebones affidavit" only stated "that three months earlier an informant had bought a 'quantity of crack' from [the defendant] at a house believed to be [the defendant's] residence." Id. Under the circumstances in this action, the evidence recovered during the execution of the search warrant would be admissible under the good faith exception. Accordingly, the court will recommend to the United States district judge that the defendant's motion to suppress evidence obtained during the search warrant be denied.

### CONCLUSION

**NOW, THEREFORE, IT IS RECOMMENDED** that the United States District Judge enter an order **denying** the defendant's motion to dismiss the indictment. (Docket # 20).

**IT IS FURTHER RECOMMENDED** that the United States District Judge enter an order **denying** the defendant's motion to suppress evidence obtained from the search warrant. (Docket # 18).

**IT IS ORDERED** that the defendant's motion for disclosure of the identity of the confidential informant be and hereby is **denied**. (Docket # 16).

Your attention is directed to 28 U.S.C. §§ 636(b)(1)(A), (B)) and (C), General L. R. 72.(c)(1) (E.D. Wis.) and Fed. R. Crim. P. 59(a) and (b)(2), whereby written objections to any

recommendation or order herein or part thereof may be filed within fourteen days of service of this recommendation and order.  Objections are to be filed in accordance with Eastern District of Wisconsin's electronic case filing procedures.  Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin, this 23rd day of August, 2010.


BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge