**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**UNITED STATES OF AMERICA,**

     Plaintiff,

  -vs-                Case No. 10-CR-80

**ANTWAN K. REED,**

     Defendant.

**DECISION AND ORDER**

    While on supervision for a State of Wisconsin conviction Defendant, Antwan Reed ("Reed"), was arrested for drug dealing and weapons possession. Reed's supervision was revoked because of these charges, he was sentenced to three years in prison, and is still in custody under that sentence with a release date of January, 2014. Reed went to trial before this Court on February 1, 2011 on a three-count Indictment. This Court requested that the parties submit post-trial briefs in lieu of closing arguments to the Court. The government filed its brief on March 2, 2011, and counsel for Reed, Christopher Carson ("Carson"), filed Reed's brief on April 5, 2011. On April 14, 2011, Reed filed a letter with the Court questioning his attorney's actions in the case. On April 18, 2011, the Court asked Carson to consult with Reed and if necessary file an additional post-trial memorandum. Said memorandum was received by the Court on April 29, 2011. On September 22, 2011, the Court, in a written decision, found Reed guilty of all three counts in the Indictment. Sentencing was scheduled for January 18, 2012. On December 13, 2011, both Reed and his

attorney Carson filed a motion to reconsider the verdict. The government responded to the motion submitted by Carson. (At the time that Carson submitted the motion for reconsideration, he also filed a motion to withdraw as counsel. The Court granted Carson's motion to withdraw on January 4, 2012 and appointed new counsel for Reed; Calvin Malone ("Malone") of Federal Defender Services of Wisconsin Inc.)

On April 24, 2012, the government filed a response to the motion for reconsideration and, because Malone was newly appointed, he was to file a reply to the government's response by September 18, 2012. While this schedule was in place Malone left Federal Defender Services and could no longer represent Reed. A new attorney, Julie Linnen ("Linnen"), was appointed from Federal Defender Services and on September 18, 2012 informed the Court that after review of the transcripts and other documents in the case, no reply brief would be filed to the government's response.

Reed asks for a discharge of his conviction for the following reasons. First, the delay between the Court's verdict and his sentencing violated his Sixth Amendment rights; second, the delay was a violation of due process; and third, the Court's failure to elaborate on its reasons for giving no weight to the testimony of the witnesses Reed called at trial. The Court denies Reed's motion based on the following.

**Delay Between Verdict and Sentencing**

It is generally accepted that all courts must sentence any defendant convicted of a crime within the bounds established by the Sixth Amendment. There are four factors to be examined to determine whether there has been a speedy sentencing violation under the

Sixth Amendment: the length of delay, the reason for the delay, the defendant's raising of the right, and any prejudice that would attach to the defendant by the delay. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972). As to the last factor, the prejudice to the defendant must be substantial.

*Reason for the Delay*

As the history of this case highlights, this Court entered a judgment of conviction on September 22, 2011, four months after the trial, and scheduled a sentencing hearing for January 18, 2012. A presentence report was prepared. In the interim, Reed and Carson both filed a motion for reconsideration of the verdict. Carson also filed a motion to withdraw at the same time. But for the motions for reconsideration and the withdrawal, which the Court granted, Reed would have been sentenced less than four months after the date of conviction. This does not rise to the level of a speedy sentencing violation under the Sixth Amendment. However, Reed has still not been sentenced and the reasons for that are as follows.

Throughout the proceedings Reed had disagreements with his retained attorney, Carson, which ultimately culminated in the granting of Carson's motion to withdraw shortly before the sentencing date. On January 6, 2012, Calvin Malone from Federal Defender Services was appointed to represent Reed. In the meantime, the government was given an opportunity to respond to the motion for reconsideration and Reed was given an opportunity to reply. On April 24, 2012, the government submitted its response. Subsequent to the

appointment of Mr. Malone and before a reply from Malone to the government's submission, Malone left Federal Defender Services and Linnen was assigned to Reed.

As indicated in the letter dated September 18, 2012 from Linnen, due to the series of substitutions of counsel and the corresponding extensions granted as a result, Reed's response was due on that date. However, after review of the "trial transcript and other documents in the case, counsel has decided that she will not be filing a reply brief."

By this opinion, the Court now decides Reed's motion for reconsideration and, as indicated, denies the motion. Because a presentence report has already been done the Court will set a sentencing date at the convenience of the parties but no later than 30 days from the date of this decision. This will allow time for the attorneys to address their respective schedules and prepare for sentencing argument. In addition it will allow time to arrange transport for Reed from State custody to this Court. Thus Reed will be sentenced approximately 14 months after his conviction. Given the various circumstances that led to this delay, the Court finds that the delay was not unduly lengthy and the reasons for the delay justified that delay.

The third factor asks the Court to inquire into when Reed asserted this Sixth Amendment and due process claim. Given the circumstances of the case, outlined above, the Court finds that Reed brought a timely motion.

Finally, and most important, was Reed and is Reed prejudiced by the delay? The Court finds that he is not. Reed offers three reasons that suggest fatal prejudice. He suffered anxiety in waiting for his sentence, was denied programming in the local jail, and

-4-

the appeal of his conviction was delayed. None of the reasons individually or in combination rise to the level of prejudice necessary to grant the relief that Reed seeks. Reed was revoked on a State conviction and even after he is sentenced here, will most likely remain in State custody until his release date in January of 2014. Therefore, even if Reed was given probation on his Federal conviction, the anxiety that comes from anticipating incarceration is absent. In short, regardless of the sentence in this case, Reed will remain incarcerated.

Lack of programming, while to a degree prejudicial, is not sufficient to overturn a conviction based upon a delay in sentencing. Nor is the delay in appealing this case. The challenges already made to this conviction are based on the record and the Court's ruling from that record. A delay does not prejudice Reed in raising challenges to this Court's rulings or decisions.

Tied to Reed's right to appeal is his final argument that the conviction should be discharged because the Court failed to explain why it found Reed's witnesses incredible. As the Court explained, the total record, the Court's duty to assess the demeanor of the witnesses while testifying, and application of all other standards that the Court has the duty to apply in making credibility determinations led to its conclusion; a conclusion that is more properly challenged on appeal.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Reed's motion to discharge his conviction (ECF No. 63) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of October, 2012.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**