**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

**UNITED STATES OF AMERICA,**

    Plaintiff,

    -vs-                                      Case No. 15-C-1057
                                                (Criminal Case No. 10-Cr-80)

**ANTWAN REED,**

    Movant.

## DECISION AND ORDER

Movant Antwan Reed filed a pro se motion for relief pursuant to 28 U.S.C. § 2255 and supporting memorandum setting forth three grounds for relief. (ECF Nos. 1-2.) The United States was directed to file an answer. (ECF No. 3.) Subsequently, Reed's motion for appointment of counsel was granted. (ECF No. 5.)

### Factual Background[1]

On April 27, 2010, a federal grand jury in this District returned a three-count indictment against Reed, charging him with possession with intent to distribute heroin (count one), with being felon in possession of three firearms (count two), and with possession of three firearms in

---

[1] The background facts are based on Reed's criminal case, 10-Cr-80, and all docket number citations in this section are to documents filed in that case.

relation to a drug trafficking crime (count three). (ECF No. 1.) After pretrial motions were filed and resolved against Reed, the charges were tried to the Court on February 1, 2011. (ECF No 43.) The parties filed post-trial memoranda and Reed filed an amendment to his memorandum. (ECF Nos. 47, 48, 50.)

On September 22, 2011, the Court issued its Decision and Order setting forth its findings of fact and finding Reed guilty of all three counts. (ECF No. 54.) Reed sought reconsideration of that ruling which was denied. (ECF Nos. 63, 84.) Reed was sentenced on November 16, 2012. (ECF No. 91.) The Court determined that Reed qualified as both a career offender and an Armed Career Criminal. (*See* Sentencing Tr. 7-8, ECF No. 110.) Judgment was entered on November 27, 2012. (ECF No. 92.)

## Analysis

Reed withdraws any ground for relief based on a double jeopardy violation. (Reply 1, ECF No. 12.) Furthermore, the Government agrees that under *Johnson v. United States,* 135 S. Ct. 2551 (2015), Reed no longer qualifies as an Armed Career Criminal and further agrees that Reed is entitled to a new sentencing hearing. (*See* Response 11-14, ECF No. 9.) In addition, while the Government maintains that Reed has forfeited or waived his right to raise the issue of his verdict not being read in open

court in violation of the Sixth Amendment because he raised it for the first time on collateral review, Reed urges the Court to accept the following alternative remedy as suggested by the Government; that is, since it has conceded that Reed is entitled to resentencing, any error this Court made by not reading the verdict in open court can be cured by reading it in open court before the resentencing hearing. The agreed solution is reasonable, will resolve the issue, and is consistent with case law on the issue, *see United States v. Canady,* 126 F.3d 352, 364 (2nd Cir. 1997). Therefore, the September 22, 2011, verdict should be read in open court prior to resentencing.

This Court will not be presiding over the additional proceedings in the criminal action. Effective February 5, 2016, this Court is on senior status. Based on that status, the Court directs the Clerk of Court to randomly reassign Reed's criminal action, which requires reading of the verdict and resentencing, to another District Judge of this District.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Reed's withdrawal of any double jeopardy claim in his § 2255 motion (ECF No. 1) is **APPROVED** and Reed's remaining grounds are **GRANTED** as stated herein;

- 3 -

The Clerk of Court is **DIRECTED** to file a copy of this Decision and Order in *United States v. Reed*, 10-Cr-80 (E.D. Wis.) and to randomly reassign that criminal case to another District Judge of this District for reading of the verdict and resentencing.

Dated at Milwaukee, Wisconsin, this **28th** day of March, 2016.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**