UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,  Case No. 10-cr-80-pp

    Plaintiff

v.

ANTWAN REED,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO VACATE AMENDED JUDGMENT SIGNED ON JULY 1, 2016 (DKT. NO. 118), AND VACATING THE AMENDED JUDGMENT (DKT. NO. 116)**

---

On November 27, 2012, Judge Rudolph T. Randa entered judgment as to the defendant, imposing a sentence of 147 months and 24 days on Counts One and Two (to run concurrently to each other and to the defendant's state court sentences) and 60 months on Count Three (to run consecutively to the sentence imposed on Counts One and Two and the state court sentences). Dkt. No. 92.

After the Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015), Judge Randa granted the defendant's 28 U.S.C. §2255 petition, and ordered the clerk's office to randomly reassign this case to another court to read the verdict and re-sentence the defendant. Dkt. No. 111. The case was reassigned to this court, and on June 27, 2016, I read the verdict and re-sentenced the defendant. Dkt. No. 114. Several days after the hearing, I

1

entered the amended judgment (amending the order of judgment Judge Randa had entered in November 2007). Dkt. No. 116.

There were some moving parts and pieces to the re-sentencing: re-calculation of the United States Sentencing Guidelines given the Supreme Court's Johnson decision, computation of the sentence to be imposed on Counts One and Two; consideration of the mandatory sixty-month sentence required for the conviction on Count Three; consideration of Judge Randa's original intent that the sentences imposed on Counts One and Two be served concurrently to the defendant's state sentences; consideration of the fact that the defendant now has served those state sentences, and that if I were to order that he serve the amended sentence concurrent to state sentences, there'd no longer be any state sentences for which this sentence could run concurrently; and the fact that Judge Randa had credited the defendant in the original judgment with thirty-two months and six days of time that the defendant had served, but otherwise would not have been credited against any other sentence.

After the hearing, I drafted the minutes, and tried to capture all of the calculations that had transpired. I did not listen to the recording of the hearing; I wrote the minutes from my notes and my recollection of the hearing that had just taken place. I then used those minutes to assist me in completing the amended judgment.

The defendant now has filed a motion, asking that I vacate the amended judgment because it does not correctly reflect what I ordered at the hearing. Dkt. No. 118. The defendant's counsel indicates that the minutes don't

2

comport with his notes of the way I structured the sentence. I have not had the opportunity to go back and listen to the recording of the hearing; it appears that I should do so.

The defendant also notes that he did not have an opportunity to consult with counsel for the government prior to filing the motion to vacate, because the deadline by which he must file a notice of appeal will expire on July 15, 2016, so he wanted to get the motion to court in time for the court to vacate the judgment and stop the appeal clock.[1] I'd like to give government counsel the opportunity to consider whether she has any objection to the defendant's proposal as to how I should word the amended judgment.

For these reasons, the court **GRANTS** the defendant's motion to vacate the amended judgment. Dkt. No. 118. The court **ORDERS** that the amended judgment (Dkt. No. 116) is **VACATED**. The court will, by separate notice, schedule a hearing to discuss with the parties issuing a new amended judgment.

Dated in Milwaukee, Wisconsin this 13th day of July, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

---

[1] Counsel indicates that he did not receive an electronic notice of the filing of the amended judgment until July 7, 2016, even though the judgment itself is dated July 1. Dkt. No. 118 at 2. He's right; the judgment was not docketed until July 7. I'll investigate why that occurred, so that I can address it at the hearing.

3